DONALDSON, Judge, dissenting.
In my view, the record in this case shows that a governmental entity is dictating how privately owned real property may be used based on the current preference of the government rather than upon standards established in advance that can be uniformly applied in a non-arbitrary manner. The discretion of local governing authorities to proscribe certain uses of private property is well established, but that discretion
"is not unbounded, and local authorities may not, under the guise of legislative power, impose restrictions that arbitrarily and capriciously inhibit the use of private property or the pursuit of lawful activities. When such arbitrary and capricious action is made apparent, a reviewing court will not hesitate to disturb the zoning determination as a clear abuse of discretion."
City of Birmingham v. Morris, 396 So.2d 53, 55 (Ala. 1981).
Covenant Bank ("Covenant") entered into a contract to sell property it owns located within the geographical limits of the City of Hoover ("the property") to High Tide Oil Company ("High Tide"). The contract was conditioned upon Covenant's obtaining conditional-use approval from the City of Hoover ("Hoover") to construct and operate a gasoline service station with a convenience store on the property. Hoover's zoning ordinance contains certain specified permissible uses of the property, including use as a "gasoline service station," conditioned on Hoover's approval. Covenant met with Hoover's Planning and Zoning Commission ("the Commission") and agreed to numerous conditions recommended by the Commission. The Commission recommended to the Hoover City Council that Covenant's application for conditional use be granted. The application was denied without an explanation.
The record from the proceedings before the trial court show that Hoover's denial of Covenant's application was based in part on concerns regarding the lighting that would be used on the canopy over the proposed gasoline dispensers. The evidence established, however, that a convenience store with the exact same lighting could be built and operated on the property under the existing zoning ordinance without any additional governmental approval. Therefore, concerns over the lighting could not serve as a legitimate reason to prevent the proposed use of the property.
The other basis for the denial was expressed by a witness for Hoover who opined that a business dispensing gasoline would not be "appropriate" in the location and was not compatible with the area. The witness, who lived near the property, opined that "[i]t doesn't make sense in any planning approach to put a gas station next to a house when you are trying to employ transitional land uses from the corridor to a residential area." The evidence indicates that Hoover had previously approved a gasoline station near the proposed site that had not been built based on reasons not associated with government action. Although Hoover could certainly establish restrictions on the location and operation of businesses dispensing gasoline in residential areas, or at least establish *60 guidelines to follow when considering whether to permit such businesses, the problem here is that Hoover did not establish any such guidelines or restrictions in advance, leaving it to personal preferences as to compatibility, appropriateness, and what makes "sense." Accordingly, the denial of Covenant's application for conditional-use approval appears to be based on an arbitrary, ad hoc governmental preference review. See Smith v. City of Mobile, 374 So.2d 305, 309 (Ala. 1979) (invalidating a governmental restriction on a proposed use of a lot on the basis that the proposed use would be " 'out of character with other lots in the area' " when the discretionary determination enforcing the restriction was "unguided by uniform standards, and capable of arbitrary application").
Further, the evidence did not establish that the addition of the gasoline dispensers to the property would present any issues adversely affecting the safety, health, morals, or welfare of the surrounding area in this particular case.
"It is no longer subject to debate that governmental entities have the authority to zone within the police power. Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). However, a zoning ordinance may be invalid as applied to a particular parcel of land if the application of the regulation to the land bears no substantial relationship to the objects of the police power. What are the objects of the police power? The promotion of the health, safety, morals, and general welfare of the community. Leary v. Adams, 226 Ala. 472, 147 So. 391 (1933). In Hall v. Jefferson County, 450 So.2d 792 (Ala. 1984), this Court said that 'property ownership should, and does, bring with it freedom to use one's possession as the owner deems appropriate, subject, of course, to reasonable restraints for the general health, safety or public welfare,' and that '[a]bsent the need for such reasonable impediments, the landowner's "bundle of rights" should remain inviolate.' Id. at 796."
BP Oil Co. v. Jefferson Cty., 571 So.2d 1026, 1028 (Ala. 1990).
The undisputed evidence established that High Tide would be required to comply with requirements of the Alabama Department of Environmental Management with respect to the gasoline dispensers and that there were numerous safety mechanisms in place to prevent any potential hazards from occurring. In particular, a witness for Covenant testified to specific safety mechanisms used to prevent the unfettered dispensing of gasoline in the event that a vehicle collided with a dispenser or a gasoline nozzle was left dispensing gasoline outside of a vehicle's gasoline tank.
The trial court noted the similarities between the situation at hand and the facts underlying Hall v. Jefferson County, 450 So.2d 792 (Ala. 1984). In Hall, the only difference in the classification applicable to Hall's property and the classification sought by a rezoning application was that the classification sought allowed for the sale of alcohol for off-premise consumption. Id. at 796-97. The supreme court held that the basic use of the property would not change and that the refusal to rezone was not a proper exercise of police powers. Id. Here, the trial court specifically found that
"[t]he evidence in the case at bar is more compelling than in Hall. Not only will the basic use not change, but the exact structure shown on Covenant's Site Plan, Plaintiff's Exhibit 13, could be built under the present zoning classification without the conditional use. The only difference in what can be presently developed on the land and Covenant's *61 proposed use is that there would be gasoline dispensers under the canopy."
It was undisputed that Covenant could erect a convenience store without the gasoline dispensers with the same canopy lighting. Although the personal preferences of the government officials and neighbors might have been against permitting the conditional use, Hoover did not establish that the health, safety, morals, or general welfare of the community would be adversely affected by the proposed use. The evidence presented did not demonstrate a substantial relationship between the decision to deny approval of the proposed use of the property and the proper exercise of governmental police powers. The trial court's extensive findings of fact and conclusions of law are supported by the evidence. Accordingly, I would affirm the judgment.